IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IMPERIUM INSURANCE COMPANY                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:14-cv-00084-NBB-DAS

SHELTON & ASSOCIATES, P.A.,
A Mississippi Professional Association;
JASON L. SHELTON; JONATHAN T. CRUMP;
CHRISTOPHER E. BAUER; and STEPHEN P. LIVINGSTON,
Trustee on behalf of the Bankruptcy Estate of Paul Tyler                DEFENDANTS

SHELTON & ASSOCIATES, P.A.
AND JASON L. SHELTON                                                    COUNTER-PLAINTIFFS

v.

IMPERIUM INSURANCE COMPANY                                              COUNTER-DEFENDANT

MEMORANDUM OPINION

The court has before it the plaintiff's motion for summary judgment against defendants Christopher E. Bauer and Jonathan T. Crump. Having reviewed the motion and exhibits, controlling precedent, and noting that the defendants Christopher E. Bauer and Jonathan T. Crump have failed to respond to the motion, the court is ready to rule.

The facts of this case are extensive, and the procedural history is complex and multi-layered. However, only a few succinct material facts will be required to determine whether the instant motion for partial summary judgment should be granted. Plaintiff Imperium's motion for summary judgment asks whether or not defendants Crump and Bauer, former attorneys for the defendant Shelton & Associates, P.A., are covered insured under a 2013 professional liability insurance policy for alleged instances of malpractice occurring between the years 2007 – 2011. The court determines that defendants Crump and Bauer are not covered. The pertinent material facts, precedent, and analysis follow.

Facts and Procedural History

A.   *2013 Lawyers Professional Liability Insurance Policy*

A defendant in this action, Shelton & Associates, P.A., signed and was issued a professional liability insurance policy, administered by the plaintiff, Imperium Insurance Company ("Imperium"), on January 24, 2013. Shelton & Associates was designated as the "Named Insured" on the policy. The policy's coverage period began on February 1, 2013, and continued until February 1, 2014.

Under the policy, Imperium and Shelton & Associates agreed to, inter alia, the following terms and disclosures:

> **COVERAGE – PROFESSIONAL LIABILITY**
>
> [Imperium] shall pay on behalf of any **INSURED** all **DAMAGES** in excess of the deductible which any **INSURED** becomes legally obligated to pay as a result of **CLAIMS** first made against any **INSURED** during the **POLICY PERIOD** and reported to [Imperium] in writing during the **POLICY PERIOD** or within sixty (60) days thereafter, by reason of any **WRONGFUL ACT** occurring on or after the **RETROACTIVE DATE**, if any. Coverage shall apply to any such **CLAIMS** arising out of the conduct of the **INSURED'S** profession as a lawyer....
>
> \*\*\*
>
> **INSURED** means:
>
> A.  The **NAMED INSURED**[1];
>
> B.  Any past or present partner, officer, director, lawyer . . . or of counsel of the **NAMED INSURED**, but only as respects to professional services rendered on behalf of the **NAMED INSURED**;
>
> C.  Any lawyer listed in the [Retroactive Date Endorsement[2]] or added after the effective date that is a partner, officer, director . . . of the **NAMED INSURED** as respects to **PROFESSIONAL SERVICES** rendered by such individual while associated with a **PRIOR LAW FIRM** subjective to the retroactive date endorsement.
>
> \*\*\*

---

[1] The named insured on the policy is Shelton & Associates.
[2] The Retroactive Date Endorsement does not list attorneys Christopher E. Bauer or Jonathan T. Crump.

20. **RETROACTIVE DATE** means the date specified in the Declarations or in any endorsement attached hereto, on or after which any wrongful act, error, omission, or **PERSONAL INJURY** must have occurred in order for claims arising there from to be covered under this policy. Claims arising from any wrongful acts, errors or omission or **PERSONAL INJURY** occurring prior to this date are not covered.

An endorsement attached to the policy titled **RETROACTIVE DATE ENDORSEMENT** modified the coverage to extend to claims of alleged wrongful acts that would have occurred prior to the policy's effective coverage date of February 1, 2013 for persons *specifically* named in the endorsement. The court notes that neither Jonathan T. Crump nor Christopher E. Bauer is listed in the attached endorsement. The endorsement's text is quoted below:

> This policy does not apply to any **CLAIMS** or **CLAIMS** arising from, attributable to, or based upon any **WRONGFUL ACT(S)** committed or alleged to have been committed by the following lawyers prior to the corresponding retroactive date.
>
> The retroactive date for any insured not specifically listed in this endorsement is: 2/1/2013 2:21:00 PM[.]

B.  *2007 – 2011 Paul Tyler representation and subsequent lawsuit*

In January of 2014, a trustee, on behalf of the estate of Paul Tyler, filed a lawsuit in the Circuit Court of Lee County ("the Tyler action") ultimately against Shelton & Associates, Christopher E. Bauer, Jonathan T. Crump, and the other above named defendants, alleging legal malpractice in relation to the firm's prior representation of Paul Tyler, individually, in a lawsuit in which Tyler was a defendant. The Tyler complaint indicates several instances, by date, in which Jonathan T. Crump and Christopher E. Bauer are alleged to have committed malpractice in their representation of Tyler. All instances in the complaint in which Crump and Bauer are alleged to have committed malpractice occurred between the years 2007 and 2011.[3]

---

[3] The content of the allegations against Crump and Bauer in the Tyler action need not be repeated considering their lack of materiality to the instant motion.

Subsequent to the filing of the Tyler action, Imperium gave notice to Crump, Bauer, and the other above named defendants, that Imperium's interpretation of the policy would not provide coverage for their defense; however, under the policy's reservation of rights, Imperium would provide coverage for their defense until Imperium's responsibilities under the policy could be determined.

*C.     Procedural History*

On May 8, 2014, Imperium filed this action seeking a declaratory judgment to determine their responsibilities, if any, under the policy with respect to the defendants in the Tyler action. On April 27, 2015, Imperium moved for summary judgment against defendants Jonathan T. Crump and Christopher E. Bauer, seeking an order from this court declaring:

(1) That the insurance policy issued by Imperium Insurance Company to Shelton & Associates, P.A., does not provide indemnity coverage for the allegations, causes of action, and claims for damages alleged or otherwise asserted against defendants Jonathan T. Crump and Christopher E. Bauer in the "Tyler" complaints, including the second amended complaint;

(2) That Imperium is not required to defend defendants Jonathan T. Crump and/or Christopher E. Bauer in the referenced civil action under the terms, conditions, and/or exclusions of its insurance policy and is entitled to terminate such defenses; and

(3) That Imperium is not required to pay or contribute any insurance proceeds toward any settlement, judgment or verdict against Jonathan T. Crump and/or Christopher E. Bauer for the allegations, causes of action, and claims for damages alleged or otherwise asserted in the "Tyler" complaints, including the second amended complaint.

Neither defendant, Jonathan T. Crump or Christopher E. Bauer, filed a motion in response to plaintiff Imperium's motion for summary judgment.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[S]ubstantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit," and any facts which would be irrelevant to the potential outcome are immaterial. *Id.* If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e)).

In reviewing the evidence, this court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In doing so, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151. The responding party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

Defendants Bauer and Crump have not responded to this motion for summary judgment. Although this court cannot grant summary judgment by default, i.e., simply because there is no opposition to the motion, *Hibernia National Bank v. Administracion Cent. Sociedad Anonmia*, 776 F.2d 1277, 1279 (5th Cir. 1985), the court may accept as undisputed the movant's version of the facts and grant the motion where the movant has made a *prima facie* showing of its entitlement to summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Analysis

"Mississippi has adopted the 'allegations of the complaint' rule (sometimes referred to as the eight-corner test) to determine whether an insurer has a duty to defend." *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 225 (5th Cir. 2005). The allegations of the complaint rule asks the court to review the allegations of the complaint to see whether it states a claim that is within or arguably within the scope of coverage provided by the policy in question. *Am. Guarantee & Liab. Ins. Co., v. 1906 Co*. 273 F.3d 605, 610 (5th Cir. 2001). In doing so, the court is to compare the "words of the complaint with the words of the policy, looking not to the particular legal theories pursued by the plaintiffs, but to the allegedly tortious conduct underlying the suit." *Acceptance Ins. Co. v. Power Timber Co., Inc.*, 403 F. Supp. 2d 552, 554 (S.D. Miss. 2005) (internal quotations omitted).

The coverage question presented regarding Crump and Bauer is straight forward and unambiguous. For purposes of determining coverage, clear and unambiguous terms are to be enforced as written. *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So. 2d 981, 985-86 (Miss. 2001). The underlying Tyler complaint alleges attorneys Crump and Bauer committed wrongful acts of malpractice within the years 2007 – 2011. The policy in question insured against wrongful acts, alleged to have been committed by the covered

signatories, during the stated coverage period between February 1, 2013 and February 1, 2014, unless otherwise extended by the RETROACTIVE DATE endorsement.  As attorneys for the named insured in the policy, Shelton & Associates, Crump and Bauer meet the policy's definition of "Insured;" however, Crump and Bauer are not explicitly listed on the RETROACTIVE DATE endorsement and therefore have a retroactive date of coverage from February 1, 2013.  The policy explicitly states that it "does not apply to CLAIMS . . . attributable to . . . WRONGFUL ACT(S) . . . alleged to have been committed . . . prior to the corresponding retroactive date."  The Tyler complaint alleges Crump and Bauer committed wrongful acts of malpractice between the years 2007 –2011, prior to the retroactive date of February 1, 2013 applicable to Crump and Bauer.  The policy does not cover the alleged wrongful acts in the Tyler complaint against defendant attorneys Crump and Bauer.  The court therefore concludes that there are no genuine issues of material fact present, and the plaintiff is entitled to summary judgment as a matter of law.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff is entitled to summary judgment against defendants Jonathan T. Crump and Christopher E. Bauer.  The insurance policy issued by Imperium Insurance Company to Shelton & Associates, P.A., does not provide indemnity coverage for the allegations, causes of action, and claims for damages alleged or otherwise asserted against defendants Jonathan T. Crump and Christopher E. Bauer in the "Tyler" complaints, including the second amended complaint.  Imperium is not required to defend defendants Jonathan T. Crump and/or Christopher E. Bauer in the referenced civil action under the terms, conditions, and/or exclusions of its insurance policy and is entitled to terminate such defenses.  Furthermore, Imperium is not required to pay or contribute any insurance proceeds toward any settlement, judgment or verdict against Jonathan T. Crump and/or

Christopher E. Bauer for the allegations, causes of action, and claims for damages alleged or otherwise asserted in the "Tyler" complaints, including the second amended complaint. A separate judgment in accordance with this opinion shall issue this day.

This, the 30th day of March, 2016.

>*/s/ Neal Biggers*
>**NEAL B. BIGGERS, JR.**
>**UNITED STATES DISTRICT JUDGE**